BRYAN, Judge,
dissenting.
I respectfully dissent from the reversal of the juvenile court’s judgment terminating the mother’s parental rights on the ground that placing the children in protective foster care until the father’s expected return date was a viable alternative to the termination of the mother’s parental rights. Based on the fact that the father had been absent from the children for 171 days by the time the DeKalb County Department of Human Resources petitioned to terminate the father’s parental rights *100 and the fact that the well-being and safety of the children had become an issue only a few weeks after the father had departed from this country, I dissented from the reversal of the judgment terminating the father’s parental rights because I determined that the children’s need for permanency and stability had overcome the father’s good-faith but unsuccessful attempts to become a suitable parent to the children. See J.B. v. DeKalb County Dep’t of Human Res., 12 So.3d 100, 117 (Ala.Civ. App.2008) (Bryan, J., dissenting). Therefore, I cannot agree with the main opinion’s conclusion that the juvenile court erred in refusing to prolong the children’s lengthy foster-care placement until the father returned to this country. Accordingly, I would affirm the juvenile court’s judgment terminating the mother’s parental rights, and, because I would affirm the termination of the parental rights of both the mother and the father, I would also affirm the judgments approving the adoption.